THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEITH K. JOINER,

       Petitioner,

v.                                        CASE NO. 1:07-cv-181-MMP-AK

WALTER MCNEIL,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Keith K. Joiner. Respondent has filed a "Response Moving to Dismiss," Doc. 13, in other words, a motion to dismiss,[1] and Petitioner has filed a reply. Doc. 18. The only issue presently before the Court is whether Petitioner exhausted his claims in state court, as Respondent did not alternatively address the merits of the petition. Having carefully considered the matter, the Court recommends that the motion to dismiss be denied.

## BACKGROUND

A jury convicted Petitioner of burglary of a dwelling and trespass of a conveyance. Doc. 14, Ex. C. The court sentenced him to 15 years imprisonment as a prison releasee reoffender. Doc. 14, Ex. D. Petitioner appealed the conviction and sentence, which were affirmed without

---

[1]If Respondent had filed his response as a "motion," rather than as a "response," the exhaustion issue presented would have been considered some time ago, as it would have appeared on the Court's motion list and been given priority. As it is, the case was simply put in line for decision.

written opinion.  Doc. 14, Ex. H.  While the direct appeal was pending, Petitioner filed a motion

to vacate and/or set aside sentence in which he alleged five separate instances of trial counsel's

ineffective representation.  Doc. 14, Ex. J.  Treating Petitioner's motion as one filed under Fla.

R. Crim. P. 3.850, the court summarily denied relief on three claims, appointed counsel to

represent Petitioner on the remaining two claims, and set the matter for evidentiary hearing.  *Id*.

After the evidentiary hearing, the court denied the remaining claims.  *Id*.  Counsel filed a notice

of appeal, and after several extensions of time, a different assistant public defender filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he was "unable to argue in

good faith that reversible error occurred in the trial court."  Doc. 14, Ex. L.  He did not, however,

move to withdraw.

In response to the *Anders* brief, the court granted Petitioner 30 days to file an initial *pro*

*se* brief.  The court specifically advised Petitioner, "If the panel of judges which considers the

merits of this appeal finds that the record or briefs support any arguable claims, additional

briefing will be ordered in accordance with In re Anders Briefs, 581 So.2d 149 (Fla. 1991)."

Doc. 14, Ex. M.  Though he was given an extension of time to file a brief, Petitioner did not

submit a *pro se* brief, and the court affirmed the denial of post-conviction relief without written

opinion.  Doc. 14, Ex. R.

The instant petition for writ of habeas corpus followed.  On this occasion, he raises five

allegations of ineffective assistance of counsel.  The only issue at this stage is whether Petitioner

exhausted his state court remedies, and if not, whether the procedural default is excused.

**DISCUSSION**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. "In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial." *Leonard v. Wainwright*, 601 F.2d 807, 808 (11th Cir. 1979). In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Respondent argues that although Petitioner raised in the state court "essentially the same five claims he raises in the instant petition," the claims are unexhausted because neither he nor his court-appointed attorney "assert[ed] error regarding any of these claims in the appeal of the denial of the [post-conviction] motion."

Generally, when a petitioner receives an evidentiary hearing in state court on a post-conviction motion, he waives appellate review of any claims he does not address in his brief to the court of appeal. *Cortes v. Gladish*, 216 Fed. Appx. 897, 899-900 (11th Cir. 2007). If instant Petitioner had represented himself throughout the proceedings, *Cortes* would be dispositive of the exhaustion issue, and the Court would immediately turn to whether the procedural bar to consideration of Petitioner's claims should be lifted.

Instant Petitioner did not, however, represent himself at the post-conviction level. Although he had no federal constitutional right to appointed counsel in the post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990), he was afforded post-conviction counsel by the state court. *See Williams v. State*, 472 So.2d 738 (Fla. 1985) (question of whether to appoint counsel to represent indigent defendant at evidentiary hearing on post-conviction motion is left to court's discretion). On appeal, counsel, finding no arguable issues for appeal, filed an *Anders* brief. While counsel did not follow the *Anders* procedures to the letter, e.g., he did not present any potentially arguable issues, and he did not move to withdraw, this was of no consequence since *Anders* does not apply in post-conviction proceedings, the *Finley* Court having rejected the argument that the *Anders* "procedures should be applied to a state-created right to counsel on postconviction review just because they are applied to the right to counsel on first appeal...." *Finley*, 481 U.S. at 556. At least one Florida court of appeal has recognized that *Anders* review is not required in post-conviction appeals. *See Medrano v. State*, 795 So.2d 1009 (Fla. Dist. Ct. App. 2001) (*Anders* brief is not necessary in Rule 3.850 appeal, and henceforth, court would strike *Anders* briefs filed in post-conviction

appeals "as this court does not conduct the intensive *Anders* review that it does in appeals from convictions and sentences where *Anders* briefs are filed"); *Mayola v. State*, 714 So.2d 1124, 1124 (Fla. Dist. Ct. App. 1998) (counsel is not required to follow *Anders* procedures for withdrawing from representation on appeal of order denying post-conviction relief).

The problems with Respondent's exhaustion arguments in this case are two-fold. First, counsel indicated in his brief that *Anders* applied, and second, the court of appeal compounded the idea that the court would engage in an *Anders* review of his appeal by advising Petitioner that it would in fact do so, citing *In re Anders Briefs*, 581 So.2d 149 (Fla. 1991). *See* Doc. 14, Ex. M. Though *Anders Briefs* specifically states that it applies to "indigents in their first appeal as of right," 581 So.2d at 152, the appellate court which considered Petitioner's post-conviction appeal did not make that distinction, or it would not have cited *Anders Brief* in its order. By citing *Anders Brief*, which reiterated the conclusion of *Anders* that the "appellate court is to conduct its full and independent review [of the record to discover any arguable issues apparent on the face of the record] **even if the indigent elects not to file a pro se brief**," the appellate court left the impression that it did in fact thoroughly review the record and consider the appeal on its merits. With nothing in the record to suggest that the appellate court found any arguable issue to have been waived either by counsel's failure to point out arguable issues or by Petitioner's failure to file his own *pro se* brief, this Court cannot conclude that the claims raised in the state court post-conviction motion were not exhausted at the appellate level.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the "Response Moving to Dismiss," which the Court has interpreted as a

motion to dismiss, Doc. 13, be **DENIED**;

That Respondent be directed to file a merits response to the petition within thirty

(30) days of the order adopting the Report and Recommendation;

That this cause then be remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this 26th day of August, 2009.


s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**